# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| NADER CHEETANY, *et al.*, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:20-cv-01692-GMN-DJA |
| vs. | ) | |
| | ) | **ORDER** |
| PETER M. BERGSTROM, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pending before the Court is the Report and Recommendation ("R&R"), (ECF No. 16), of United States Magistrate Judge Daniel J. Albregts, which recommends granting in part and denying in part Plaintiffs Nader Cheetany, Eva Garcia-Mendoza, Esad Morina, Martyn James Ravenhill's ("Plaintiffs'") Motion for Default Judgment, (ECF No. 15).

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2.  Upon the filing of such objections, the Court must make a *de novo* determination of those portions to which objections are made. *Id.*  The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. R. IB 3-2(b).  Where a party fails to object, however, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (citing 28 U.S.C. § 636(b)(1)).  Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's R&R where no objections have been filed. *See, e.g.*, *United States v. Reyna–Tapia*, 328 F.3d 1114, 1122 (9th Cir. 2003).

Here, no objections were filed, and the deadline to do so has passed. (*See* Min. Order,

ECF No. 18) (setting a July 5, 2022, deadline for objections).  The Court, thus, accepts and adopts in full the R&R and grants in part and denies in part Plaintiffs' Motion.  Consequently, the Court grants the Plaintiffs' Motion for Default Judgment as it pertains to Plaintiffs': (1) federal securities fraud claim; (2) state securities fraud claim; (3) fraudulent misrepresentation claim; (4) deceptive trade practices and consumer fraud claim; and (5) conversion claim.  The Court, however, denies Plaintiffs' Motion for Default Judgment as it relates to Plaintiffs' unjust enrichment claim.  Additionally, insofar as Plaintiffs seek attorney's fees and costs, the Court denies such a request.

 Further, Plaintiffs shall be awarded as follows, jointly and severally against Defendants Peter M. Bergstrom, Destination Online, L.L.C., and OURID, Inc.:

(1) Compensatory damages:

 a.  To Cheetany: $80,000.00, plus judgment interest at $11.51 per day from December 7, 2020, until satisfied;

 b.  To Garcia: $200,000.00, plus judgment interest at $28.77 per day from December 7, 2020, until satisfied;

 c.  To Ravenhill: $1,000,000.00, plus judgment interest at $143.84 per day from December 7, 2020, until satisfied; and

 d.  To Morina: $200,000.00, plus judgment interest at $28.77 per day from December 7, 2020, until satisfied.

(2) Punitive damages:

 a.  To Cheetany: $250,000.00;

 b.  To Garcia: $250,000.00;

 c.  To Ravenhill: $250,000.00; and

 d.  To Morina: $250,000.00.

///

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation, (ECF No. 16), is **ACCEPTED and ADOPTED** in full.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Default Judgment is **GRANTED in part and DENIED in part**, consistent with this Order.

**IT IS FURTHER ORDERED** that the Clerk is instructed to close the case.

Dated this __6__ day of July, 2022.

_____
Gloria M. Navarro, District Judge
United States District Court